IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER RAY THOMASON,           )<br>                                                              )<br>                     Plaintiff,           )<br>                                                              )<br>v.                                                        )     Case No. CIV–21–272–JAR<br>                                                              )<br>KILO KIJAKAZI,                                )<br>Acting Commissioner of the            )<br>Social Security Administration,      )<br>                                                              )<br>                     Defendant.         ) | |

**OPINION AND ORDER**

Plaintiff Christopher Ray Thomason (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is **REVERSED** and the case is **REMANDED** for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do

his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (*quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity ("RFC") to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience, and RFC.  Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800–01.

## Claimant's Background

The claimant was thirty-eight years old at the time of the administrative hearing. (Tr. 953). He possesses at least a high school education. (Tr. 937). He has worked as a lubrication servicer, light truck driver, sales route driver, stores laborer, service floor worker, and well puller. (Tr. 936–937). Claimant alleges that he has been unable to work since March 24, 2016, due to limitations resulting cerebral palsy, arthritis, back injury, neck pain, anxiety, and COPD. (Tr. 166–167).

## Procedural History

On December 2, 2016, Claimant filed for disability insurance benefits pursuant to Title II (42 U.S.C. § 401, et seq.) of the Social Security Act and on October, 28, 2016, he protectively filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, et seq.) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. After an administrative hearing, Administrative Law Judge Michael Mannes issued an unfavorable decision on December 18, 2017. Appeals Council vacated the decision and remanded the case back to ALJ Mannes. On January, 28, 2019, ALJ Mannes again issued an unfavorable decision. The Appeals Council denied

3

review, so the ALJ's written opinion was the Commissioner's final decision. *See* 20 C.F.R. § 416.1481. On appeal, this Court found that the ALJ's opinion was not supported by substantial evidence and thus reversed and remanded the decision of the Commissioner for further proceedings on March 4, 2021. On June 20, 2019, Claimant again filed for disability insurance benefits pursuant to Title II (42 U.S.C. § 401, et seq.) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, et seq.) of the Social Security Act, which the Appeals Council noted was duplicative of Claimant's October 28, 2016 and December 2, 2016 claims. On remand, the Appeals Council instructed the ALJ to consolidate the claim files and issue a new decision on the consolidated claim. After an administrative hearing, ALJ J. Leland Bentley, ("ALJ") issued an unfavorable decision on May 14, 2021. Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he retained the residual functional capacity ("RFC") to perform light work with limitations.

## Error Alleged for Review

Claimant asserts the ALJ committed error in (1) improperly evaluating the medical opinion evidence, (2) improperly considering the consistency of Claimant's subjective complaints, (3) failing to apply the proper standards when considering the listed impairments at step three, and (4) failing to account for all

4

of Claimant's limitations in the RFC and the hypothetical questioning of the vocational expert at step five.

## Consideration of Medical Opinions

In his decision, the ALJ determined Claimant suffered from the severe impairments of spastic cerebral palsy, cervical spine degenerative disc disease, left shoulder degenerative joint disease, left L5 radiculopathy, COPD, intellectual disorder, bipolar disorder, major depressive disorder, anxiety disorder, other specified personality disorder, and PTSD. (Tr. 914). The ALJ concluded that Claimant retained the RFC to perform light work with limitations. Claimant can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. However, Claimant can never climb scaffolding or ladders. The ALJ opined that Claimant can occasionally reach overhead with his nondominant left upper extremity and frequently, but not constantly, handle and finger bilaterally. Claimant must avoid concentrated exposure to dust, fumes, odors and poorly ventilated areas as well as extreme temperatures and vibrations. Claimant must further avoid unprotected heights and dangerous moving machinery. When walking outdoors or on uneven surfaces, Claimants must be allowed the occasional use of a cane or walking stick. The ALJ found Clamant can understand, remember, and apply simple, multistep instructions; make simple work-related decisions; and concentrate and persist for extended periods in order to complete simple, multistep work tasks with routine supervision. Additionally, Claimant can interact with and respond appropriately to others in a routine work setting but must only occasionally have work-related interactions with the

general public. Claimant can adapt to a routine work setting where changes are infrequent, well-explained, and introduced gradually. (Tr. 923).

After consultation with a vocational expert, the ALJ found that Claimant could perform the representative jobs of subassembler, mail sorter, and marker. (Tr. 937). As a result, the ALJ found Claimant was not under a disability from March 24, 2016, through the date of the decision, May 14, 2021. (Tr. 938).

Claimant argues that the ALJ improperly evaluated the medical opinion evidence in his rejection of Dr. Graybill and the state agency consultants finding as he did not cite specific evidence to support his opinion. Claimant additionally contends that the ALJ improperly rejected Consultative Examiner Dr. Pella's report on the basis that Claimant did not have a bipolar diagnosis, when the ALJ himself deemed Claimant's bipolar disorder severe at step-two. Lastly, Claimant argues that the ALJ erred in relying on the physical findings of the state agency consultants in spite of the fact they merely reviewed the record rather than examining Claimant in person.

In deciding how much weight to give the opinion of a treating physician, an ALJ must first determine whether the opinion is entitled to "controlling weight."[2] *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic

---

[2] For claims filed on or before March 27, 2017, medical opinions are evaluated pursuant to 20 C.F.R. §§ 404.1527 and 416.927. As Claimant filed the pertinent application in 2016, this Court will apply the standards set forth in 20 C.F.R. §§ 404.1527 and 416.927.

techniques"; and (2) "consistent with other substantial evidence in the record." *Id.* (quotation omitted). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." *Id.* Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." *Id.* (quotation omitted). The factors reference in that section are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *Id.* at 1300–01 (quotation omitted). After considering these factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion. 20 C.F.R. § 404.1527(d)(2); *Robinson v. Barnhart*, 366 F.3d 1078, 1082 (10th Cir. 2004)(citations omitted). Any such findings must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight." *Id.* "Finally, if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." *Watkins*, 350 F.3d at 1301 (quotations omitted). The ALJ's rejection of Dr. Pella's opinion did not comply with the precepts of *Watkins*.

In considering Dr. Pella's consultative opinion, the ALJ assigned "great weight in part and little weight in part." (Tr. 934). The ALJ particularly took issue with Dr. Pella's opinion on Claimant's personality disorders. (Tr. 934). In pertinent part, Dr. Pella found that Claimant's "history of challenged frustration tolerance and cyclical episodes" would affect his ability to maintain the pace and persistence required to adapt to mild to moderate work pressures. (Tr. 900). Likewise, Dr. Pella found Claimant's personality disorder would cause notable problems in responding appropriately to supervision, customers, and coworkers and Claimant would likely be subject to periods of relapse. (Tr. 900). The ALJ rejected this portion of Dr. Pellas opinion as he found it was inconsistent with the longitudinal medical records from Claimant's treating physician that "show no diagnosis of bipolar or personality disorder[,] . . . stable longitudinal mental status examination," and almost always cooperative interactions with the Claimant. (Tr. 935). However, in contrast with this assertion the ALJ found Claimant has the severe impairments of bipolar disorder and "other specified personality disorder" at step two.

Claimant bears the burden, at step two, of showing the existence of an impairment or combination of impairments which "significantly limits [her] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c). A severe impairment is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(1)(D). The burden of showing a severe impairment is "de minimis," yet

8

"the mere presence of a condition is not sufficient to make a step-two [severity] showing." *Flaherty v. Astrue*, 515 F.3d 1067, 1070-71 (10th Cir. 2007) (quoting *Williamson v. Barnhart*, 350 F.3d 1097, 1100 (10th Cir. 2003)); Soc. Sec. R. 85-28, 1985 WL 56856 (Jan. 1, 1985). Clearly, Claimant met this burden as the ALJ determined Claimant's severe medically determinable impairments included both bipolar disorder and another personality disorder at step two.

It does not follow that the ALJ would find Claimant's bi-polar/other personality disorder to be severe at step two, but then use the lack of such a disorder as the basis for rejecting the opinion of a consultative physician. For this reason, this Court finds the ALJ improperly considered the medical opinion evidence of Dr. Pella. On remand, the ALJ shall conform his analysis of Dr. Pella's opinion with the proper standards and the evidence of record. Likewise, the ALJ shall re-evaluate his analysis of the opinions of Dr. Graybill and the state agency physicians in light of his consideration of all of Claimant's medically determinable impairments.

Given that this Court is reversing on the ALJ's improper consideration of the medical opinion evidence, it need not address the additional arguments at this time. However, if the ALJ in properly considering the medical opinion evidence finds an alternative RFC, the ALJ shall conform his credibility analysis and hypothetical question accordingly.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge

finds for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be and is **REVERSED** and the case be **REMANDED** for further proceedings.

    **DATED** this 28th day of September, 2023.

                                                                **JASON A. ROBERTSON**
                                                                **UNITED STATES MAGISTRATE JUDGE**